THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERNANDO LOPEZ-ARMENTA,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

CASE NO. C26-0827-JCC

ORDER

This matter comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1). Having thoroughly considered the briefing and the relevant record, the Court (a) DENIES Petitioner's request for an evidentiary hearing, (b) DISMISSES the § 2255 motion, and (c) DENIES Petitioner a certificate of appealability for the reasons explained herein.

Following a 2021 jury trial, Petitioner was convicted of Possession of a Controlled Substance With Intent to Distribute (Count 1) and of Carrying a Firearm in Commission of a Drug Trafficking Crime (Count 2). *See United States v. Lopez-Armenta*, Case No. CR21-0132-JCC (W.D. Wash 2021). For these crimes, the Court sentenced Petitioner to mandatory minimum consecutive sentences, resulting in 15 years of imprisonment. *See id.* at Dkt. No. 115. In now moving to vacate, set aside, or correct his sentence, Petitioner alleges that defense counsel was ineffective in failing to recommend that Petitioner enter into a proposed plea agreement which

ORDER
C26-0827-JCC
PAGE - 1

would have resulted in dismissal of one of the charged counts and a recommended sentence from the Government on the other count of 60 months of imprisonment. (*See generally* Dkt. No. 1.)

In general, a federal prisoner may petition to vacate his sentence if unconstitutional or illegally imposed. 28 U.S.C. § 2255(a). Although, as a preliminary matter, the Court need not hold an evidentiary hearing on a § 2255 motion if the record "conclusively shows that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In other words, the Court may summarily dismiss a petition when the allegations contained therein "fail to state a claim for relief" or are so "palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).[1]

In this instance, Petitioner's § 2255 motion is based solely on allegedly ineffective assistance of counsel. (*See generally* Dkt. No. 1.) This is, indeed, an inalienable right. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, to prove that he received ineffective assistance, a § 2255 petitioner must first show that his attorney provided an objectively unreasonable performance by pointing to specific acts or omissions that "were outside the wide range of professionally competent assistance." *Id.* at 690. He must also show that, but for his attorney's ineffectiveness, "the result of the proceeding would have been different." *Id.* at 694. The Court's scrutiny of counsel's performance "must be highly deferential," and Petitioner must overcome the "strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance." *Id.* at 689.

Here, Petitioner's § 2255 motion is so disconnected to the clear and undisputed record so as to conclusively show that he is not entitled to the relief he seeks. Rather, the record

---

[1] While the petitioner need not "detail his evidence," he must make "specific factual allegations which, if true, would entitle him to relief." *Baumann*, 692 F.2d at 571. For this reason, "conclusory statements . . . are not enough to require a hearing" nor is a hearing required if the motion can be "conclusively decided on the basis of documentary testimony and evidence in the record." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988).

ORDER
C26-0827-JCC
PAGE - 2

indisputably demonstrates that on multiple occasions, defense counsel did, in fact, recommend that Petitioner enter into the plea agreement—a recommendation *Petitioner* consistently rejected. (*See* Dkt. Nos. 7-1, 7-2.) Instead, as this Court recalls, on the morning of trial, Petitioner seemed to reconsider, and asked for new counsel—for a third time.[2] The Court declined the request and proceeded to trial, where Petitioner was convicted of both counts based on overwhelming evidence presented by the Government. As was his right, Petitioner offered no defense in response to that evidence. Given this record, the Court DECLINES to hold an evidentiary hearing. This is because it finds conclusively that Petitioner fails to state a claim for § 2255 relief.

In addition, the Court (when issuing a final order denying relief under 28 U.S.C. § 2255) must determine if a certificate of appealability should issue. *See* 28 U.S.C. § 2253. To grant one, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The Supreme Court has clarified that a petitioner makes such a showing when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On this record, no reasonable jurist could find that Petitioner's unsupported assertions entitle him to relief of any kind. Thus, there is no basis for a certificate of appealability.

Accordingly, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) is DISMISSED with prejudice. Petitioner's request for an evidentiary hearing is DENIED, as is a certificate of appealability. The Clerk is DIRECTED to close this case.

//

//

//

---

[2] The Court allowed the first appointed defense counsel to withdraw, after Petitioner grew disagreed with his recommendation(s). (*See* Dkt. No. 7-1 at 2.)

ORDER
C26-0827-JCC
PAGE - 3

So ORDERED this 19th day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE